**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**PETER M. FERNANDEZ,**

        **Petitioner,**

v.                                          **Criminal No. 4:02cr23-10**

**UNITED STATES of AMERICA,**

        **Respondent.**

## OPINION & ORDER

This matter is before the Court on Petitioner's "Memorandum of Record" filed on February 1, 2005, "Notice of Fault" filed subject to defect on April 14, 2005, and "Notice of Default," filed subject to defect on May 17, 2005. Docs. 97, 116 & 118.

### I.  Procedural History

Petitioner pled guilty to counts 1 and 3 of an indictment, which charged Petitioner with conspiracy to distribute and possess with intent to distribute marijuana and cocaine in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  On January 6, 2003, the Court sentenced Petitioner to a term of imprisonment of ninety-seven (97) months on counts 1 and 3, to be served concurrently.  See Doc. 53.  The Court's judgment as to Petitioner was entered on January 15, 2003.  Doc. 53.  Petitioner did not pursue a direct appeal of his conviction or sentence, and the time for making a direct appeal has expired.  See Criminal Docket No. 4:02cr23-10.

On May 17, 2005, the Court advised Petitioner of the Court's intent to construe his

"Memorandum of Record" and "Notice of Fault" as Petitioner's first motion to vacate, set aside,

or correct a sentence by a person in federal custody under 28 U.S.C. § 2255.  Doc. 120.

## II.  Petitioner's Response

On June 6, 2005, Petitioner informed the Court that he would not agree to have his filings

recharacterized as his first § 2255 motion.  Doc. 123.  Accordingly, the Court "shall rule on the

merits of the motion as filed."  United States v. Emmanuel, 288 F.3d 644, 649-50 (4th Cir.

2002).  Petitioner's "Notice of Default" was filed the same day as the Court's May 17, 2005,

order.  The Court assumes that Petitioner likewise would not consent to have the Court construe

his "Notice of Default" as a § 2255 motion, and will consider his "Notice of Default" on its

merits along with his "Memorandum of Record" and his "Notice of Fault."

## III.  Analysis of Petitioner's Filings

It appears that Petitioner has characterized this Court's judgment as a negotiable

instrument, subject to the Uniform Commercial Code ("U.C.C.").  Petitioner states that the

Court's judgment was rendered "void" by United States v. Booker, 543 U.S. 220 (2005).  Doc.

97 at 2 n.1.  As Booker held that mandatory application of the United States Sentencing

Guidelines violates the Sixth Amendment to the Constitution, and Petitioner states that the

Constitution is a binding contract between the United States and himself, Petitioner concludes

that the Court's 2003 judgment was in breach of this contract. Doc. 97 at 3, ¶ 4.  Petitioner

"refused and returned for cause" the Court's January 14, 2003, judgment against him on January

24, 2005, citing to U.C.C. §§ 3-505(a), 503(i) [sic], 501, and 1-207.  Doc. 97.  Petitioner also

"refused and returned for cause" this Court's prior notice of its intent to construe his filings as a

motion under 28 U.S.C. § 2255, citing U.C.C. §§ 3-505(a), 503(a)(i), and 502.  Doc. 123.

Turning to the merits of Petitioner's claims as directed by <u>Emmanuel</u>, the Court will consider the merits of Petitioner's claims according to the Uniform Commercial Code.  Petitioner cites to Articles 1 and 3 of the U.C.C.  Docs. 97 & 123.  Article 1 of the U.C.C., which set forth general provisions, "applies to a transaction to the extent that it is governed by another article of [the U.C.C.]."  U.C.C. § 1-102.  Article 3 applies to negotiable instruments, U.C.C. § 3-102(a), which are defined as:

> "[A]n unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it: (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder; (2) is payable on demand or at a definite time; and (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money . . . ."

U.C.C. § 3-104(a).  While the Court's judgment orders Petitioner to pay a special assessment of $200.00, the judgment also instructs that Petitioner is committed to the custody of the United States Bureau of Prisons and requires Petitioner to abide by several conditions of supervised release, most of which are unrelated to the payment of Petitioner's special assessment.  Doc. 53. Therefore, the Court's judgment is not a negotiable instrument for the purposes of Article 3 of the U.C.C.  U.C.C. § 3-104(a)(3).  The Court accordingly **FINDS** that Petitioner is not entitled to relief under Articles 1 and 3 of the U.C.C.

Petitioner's reliance on <u>Booker</u> is also without merit.  While Petitioner would have been entitled to re-sentencing had <u>Booker</u> been decided while his sentence was on direct review, the United States Court of Appeals for the Fourth Circuit has held that <u>Booker</u> is not retroactively available to federal prisoners on collateral review.  <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th

Cir. 2005). As Petitioner's time for pursuing a direct appeal of his sentence expired ten (10) days

after the January 15, 2003, entry of his judgment on the docket, Fed. R. App. P. 4(b)(1)(A),

Petitioner is not entitled to relief under Booker. Morris at 72.

### IV. Conclusion

Petitioner's "Memorandum of Record," "Notice of Fault," and "Notice of Default," Docs.

97, 116 & 118, are each **DENIED**.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Petitioner and

counsel of record for the United States.

Petitioner is **ADVISED** that he may appeal this Order by forwarding a written notice of

appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street,

Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60)

days from the date of this Order. If Petitioner wishes to proceed in forma pauperis on appeal, the

application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of

Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

It is so **ORDERED**.


_____
/s/
HENRY COKE MORGAN, JR.
UNITED STATES SENIOR DISTRICT JUDGE


Norfolk, Virginia
August 14, 2006